UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ROBERT D. COOTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-532-TAV-HBG |
| | ) | |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the

Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation

regarding disposition by the District Court of Plaintiff's Motion for Judgment on the Pleadings

and Memorandum in Support [Docs. 10 & 11] and Defendant's Motion for Summary Judgment

and Memorandum in Support [Docs. 12 & 13]. Robert D. Cooter, ("the Plaintiff") seeks judicial

review of the decision of the Administrative Law Judge ("the ALJ"), the final decision of the

Defendant Carolyn W. Colvin, Acting Commissioner of Social Security ("the Commissioner").

On May 8, 2012, the Plaintiff filed an application for disability insurance benefits

("DIB"), claiming a period of disability which began August 29, 2011. [Tr. 149]. After his

application was denied initially and upon reconsideration, the Plaintiff requested a hearing. [Tr.

113]. On June 26, 2014, a hearing was held before the ALJ to review determination of the

Plaintiff's claim. [Tr. 32-54]. On July 22, 2014, the ALJ found that the Plaintiff was not

disabled. [Tr. 11-31]. The Appeals Council denied the Plaintiff's request for review [Tr. 1-6];

thus, the decision of the ALJ became the final decision of the Commissioner.

Having exhausted his administrative remedies, the Plaintiff filed a Complaint with this Court on November 13, 2014, seeking judicial review of the Commissioner's final decision under Section 205(g) of the Social Security Act. [Doc. 1]. The parties have filed competing dispositive motions, and this matter is now ripe for adjudication.

## I.    ALJ FINDINGS

The ALJ made the following findings:

1.   The claimant meets the insured status requirements of the Social Security Act through June 30, 2016.

2.   The claimant has not engaged in substantial gainful activity since April 1, 2012, the alleged onset date (20 CFR 404.1571 et seq.).

3.   The claimant has the following "sever" impairments: *mild degenerative arthritis of the lumbar spine; depression; and service-connected post-traumatic stress disorder (PTSD)* (20 CFR 404.1520(c)).

4.   The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5.   After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and carry 50 pounds *occasionally* and 25 pounds *frequently*; stand, walk, and sit for up to 6 hours each in an 8-hour workday; *occasionally* climb ladders, ropes, or scaffolds; *frequently* climb ramps/stairs, balance, bend, stoop, kneel, crouch, and crawl. He has no manipulative, visual, communicative, or environmental limitations. He is limited to *occasional* social interactions.

6.   The claimant is unable to perform any past relevant work (20 CFR 404.1565).

2

7. The claimant was born on September 27, 1971 and was 40 years old, which is defined as a *younger individual age 18-49*, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.154).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CR 404.1569 and 404.1569(a)).

11. The claimant has not been under a disability, as defined in the Social Security Act, from April 1, 2012, through the date of this decision (20 CFR 404.1520(g)).

[Tr. 16-28].


## II.    DISABILITY ELIGIBILITY

This case involves an application for DIB. An individual qualifies for DIB if he or she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." § 423(d)(1)(A); 20 C.F.R. § 404.1505(a). A claimant will only be considered disabled if:

> his physical or mental impairment or impairments are of such

3

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A); see 20 C.F.R. § 404.1505(a).

Disability is evaluated pursuant to a five-step analysis summarized as follows:

1.  If claimant is doing substantial gainful activity, he is not disabled.

2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.

3.  If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.

4.  If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.

5.  Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity ("RFC") and vocational factors (age, education, skills, etc.), he is not disabled.

Walters v. Comm'r of Soc. Sec., 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). The claimant bears the burden of proof at the first four steps. Id. The burden shifts to the Commissioner at step five. Id. At the fifth step, the Commissioner must prove that there is work available in the national economy that the claimant could perform. Her v. Comm'r of Soc. Sec., 203 F.3d 388, 391 (6th Cir. 1999) (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987)).

### III. STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and his findings are supported by substantial evidence in the record, his decision is conclusive and must be affirmed. 42 U.S.C. § 405(g); Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Cutlip v. Sec'y of Health & Human Servs., 25 F.3d 284, 286 (6th Cir. 1994) (citing Kirk v. Secretary of Health & Human Servs., 667 F.2d 524, 535 (6th Cir. 1981)) (internal citations omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "'zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)). Therefore, the Court will not "try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility." Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984) (citing Myers v. Richardson, 471 F.2d 1265 (6th Cir. 1972)).

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, the ALJ's procedural error here is harmless if her ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, the plaintiff "bears the burden of proving his entitlement to benefits." Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

## IV.    POSITIONS OF THE PARTIES

The Plaintiff argues that the ALJ erred by failing to evaluate the opinion of George R. Brown, M.D., who Plaintiff maintains was a treating physician. [Doc. 11 at 6]. The Plaintiff also submits additional evidence in the form of exhibits attached to his memorandum of law, which he argues supports his claim for disability. [Docs. 11 at 7; 11-1; 11-2].

The Commissioner responds that Dr. Brown is not a treating physician, and therefore, his

opinion should not have been evaluated in accordance with the treating physician rule.  [Doc. 13 at 4, 10].  As to the additional evidence submitted by the Plaintiff, the Commissioner contends that the Court's review of the ALJ's decision is limited to the evidence contained in the administrative record.  [Id. at 11].  To the extent the Plaintiff maintains that such evidence warrants a remand pursuant to 42 U.S.C. § 405(g), the Commissioner argues that the Plaintiff fails to meet his burden of showing that a remand is appropriate.  [Id. at 11-12].

## V.     ANALYSIS

The Court will address the Plaintiff's allegations of error in turn.

### A.     George R. Brown, M.D.

The Plaintiff argues that Dr. Brown was a treating source, and his opinion should have been discussed pursuant to the factors set forth in 20 C.F.R. § 404.1527(c)(2).  [Doc. 11 at 6]. The Plaintiff maintains that the ALJ erred by failing to mention the opinion or assign a specific weight to it.  [Id.].

The Commissioner contends that the treating physician rule is not applicable to Dr. Brown because he was not a treating source.  [Doc. 13 at 4].  Moreover, the Commissioner submits that while the ALJ did not mention Dr. Brown by name, the ALJ in fact addressed the opinion and explained in the disability determination why the opinion's findings were not credible.  [Doc. 13 at 8].

In determining the level of deference the ALJ was required to give Dr. Brown, the Court "must first determine the medical source's classification."  Ealy v. Comm'r of Soc. Sec., 594 F.3d 504, 514 (6th Cir. 2010).  While an ALJ is required to "evaluate every medical opinion [he or she] receive[s]," 20 C.F.R. § 404.1527(c), all medical sources are not treated equally, Smith v.

7

Comm'r of Soc. Sec., 482 F.3d 873, 875 (6th Cir. 2007). Under the Social Security Act and its implementing regulations, there are three types of acceptable medical sources: non-examining sources, non-treating (but examining) sources, and treating sources. 20 C.F.R. § 404.1502. A treating source is one "who has, or has had, an ongoing treatment relationship" with the claimant. Id. An "ongoing treatment relationship" occurs when a claimant is, or has, seen the medical source with a "frequency consistent with accepted medical practice for the type of treatment and/or evaluation required for [the claimant's] medical condition(s)." Id.

Only a treating source's opinion is subject to the scrutiny of the treating physician rule outlined in 20 C.F.R. § 404.1527(c)(2). That is, if a treating physician's opinion as to the nature and severity of an impairment is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record, it must be given controlling weight. Id. When the opinion does not garner controlling weight, the appropriate weight to be given to an opinion will be determined based upon the following factors: length of treatment, frequency of examination, nature and extent of the treatment relationship, amount of relevant evidence that supports the opinion, the opinion's consistency with the record as a whole, the specialization of the source, and other factors which tend to support or contradict the opinion. § 404.1527(c)(2)(i)—(ii).

In the present matter, the Court concurs with the Commissioner that Dr. Brown was not a treating source for several reasons. First, it is unclear whether Dr. Brown authored the medical opinion at issue. The opinion is entitled, "Review Post Traumatic Stress Disorder (PTSD) Disability Benefits Questionnaire," which is a Veteran's Administration ("VA") questionnaire consisting of short answer and multiple-choice questions that was completed by a VA examiner on February 17, 2012, in regard to the Plaintiff's application for service related benefits. [Tr.

8

329-38]. The questionnaire states that the Plaintiff was examined on February 16, 2012 [Tr. 329], and the questionnaire was completed and signed the following day by nurse practitioner Gerald Meredith [Tr. 338]. Dr. Brown then co-signed the questionnaire four days later on February 21, 2012. [Id.]. Thus, it would appear to the Court that Dr. Brown only reviewed the questionnaire, possibly for approval, rather than conducted the examination or questionnaire himself.

Second, even assuming that Dr. Brown authored the opinion, Dr. Brown's signature and credentials appear nowhere else in the record other than this single questionnaire. The remaining medical records submitted by the VA contain no further treatment notes or opinions by Dr. Brown. The Plaintiff cites to the Court a treatment note allegedly authored by Dr. Brown which states that the Plaintiff experiences reduced reliability and productivity due to PTSD symptoms. [Doc. 11 at 6 (citing Tr. 292[1])]. The Plaintiff mistakenly gives credit to Dr. Brown for this statement. The treatment note, however, is actually signed by psychologist Maureen A. Bibby, not Dr. Brown. [Tr. 293].

Therefore at best, Dr. Brown was a non-treating, examining source who met with the Plaintiff on a one-time basis for the purpose of completing the VA Disability Benefits Questionnaire. See 20 C.F.R. 404.1502 (explaining that a non-treating, examining source is a physician "who has examined you but does not have, or did not have, an ongoing treatment relationship with you"). Accordingly, the Court finds that the ALJ had neither the duty to grant Dr. Brown controlling weight nor walk through the factors set forth in 20 CFR § 404.1527(c)(2).

Furthermore, the Court finds that the ALJ did not ignore the opinion, as alleged by the

---

[1] This notation actually appears at page 293 of the record.

Plaintiff, but provided a detailed explanation for rejecting the opinion's specific findings. In the disability determination, the ALJ discussed the Plaintiff's 100% permanent disability rating received from the VA for PTSD and insomnia. [Tr. 24, 218-22]. In doing so, the ALJ discussed in detail the VA's disability decision [Tr. 24-25] which specifically referenced and relied upon the findings provided in the Disability Benefits Questionnaire for making a determination that the Plaintiff was 100% disabled [Tr. 220-21].

While the ALJ does not mention Dr. Brown or the nurse practitioner whose name is on the questionnaire, the ALJ specifically assigned "no weight" to the VA's disability determination because the examiner, *i.e.*, the author of the Disability Benefits Questionnaire,

> accepted as true most, *if not all*, of what the claimant subjectively reported during the one-time interview while the record as a whole suggests that the claimant was overstating his symptoms in an effort to bolster his appeal for an increase in his VA disability rating insofar as there are numerous inconsistencies between the report of disability rating and the actual treating mental health notes.

[Tr. 24] (emphasis in the original). The ALJ goes on to list numerous examples of the inconsistencies. The ALJ noted that the examiner found that the Plaintiff had an "intermittent inability to perform maintenance of minimal personal hygiene" and "neglect of personal appearance and hygiene," yet treating mental health providers with the VA consistently noted that the Plaintiff appeared appropriately dressed for the weather with hygiene and appearance noted as within normal limits. [Tr. 24 (citing Exhibits 5F, 7F, and 8F)]. The ALJ also explained that at the hearing, the Plaintiff "presented as a robust, tanned, physically healthy looking individual in no acute distress." [Id.]. Further, the ALJ contrasted the examiner's finding of marked "social impairment" with "difficulty in establishing and maintaining effective . . . social relationships" with treatment notes where the Plaintiff's mental health providers documented the

10

Plaintiff as "pleasant and cooperative" and demonstrating "pro-social behaviors." [Id. (citing Exhibits 8F)]. The examiner also noted that the Plaintiff suffered from "memory loss" and "impairment of short and long-term memory," but the ALJ found this conclusion conflicting with mental status examinations that consistently noted "no observed or reported difficulty with memory." [Id. (citing Exhibit 8F)]. As to the examiner's finding that the Plaintiff demonstrated circumlocutory and circumstantial speech, the ALJ pointed to mental status examinations that noted the Plaintiff's speech as clear with regular rhythm and rate, logically organized, concurrent, and exhibited goal-directed thought content. [Id. (citing Exhibits 5F, 7F, and 8F)]. Finally, as to the examiner's conclusion that the Plaintiff exhibited "poor judgment," the ALJ pointed to mental status examinations replete with notations that the Plaintiff's judgment was reported as fair. [Id. (citing Exhibits 5F, 7F, and 8F)]. Moreover, the ALJ continued by analyzing the Plaintiff's reported daily living activities as evidence further diminishing the findings expressed in the Disability Benefits Questionnaire. [Tr. 25].

The Court find's the ALJ's exhaustive discussion of the questionnaire, and the reasons for assigning it no weight, went well above the ALJ's duty to "explain the consideration given to [the VA's disability determination] in the notice of decision." See LaRiccia v. Comm'r of Soc. Sec., 549 F. App'x 377, 388 (6th Cir. Dec. 13, 2013). The ALJ was required to do no more.

Accordingly, the Court finds the Plaintiff's assignment of error in regard to the ALJ's treatment of Dr. Brown without merit.


**B.      New Evidence**

The Plaintiff also submits additional evidence for the Court's review, which the Plaintiff argues supports his disability claim and should be given "great weight." [Doc. 11 at 6-7]. The

11

additional evidence is in the form of exhibits attached to the Plaintiff's memorandum of law, which consist of a letter from Plaintiff's treating psychologist, Donald R. Richardson, Ph.D., and a letter written by the Plaintiff.  [Docs. 11-1, 11-2].

The Commissioner argues that the Court is prohibited from weighing this evidence as a part of the Court's substantive review of the ALJ's decision.  [Doc. 13 at 1].  To the extent that the Plaintiff argues the evidence is "new evidence" that warrants a remand pursuant to 42 U.S.C. § 405(g), the Commissioner argues that the evidence is neither material nor is there a reasonable probability that the Commissioner would have reached a different disposition of the Plaintiff's claim had the evidence been presented during the administrative proceedings.  [Id. at 11-12].

The supportive letter submitted by Dr. Richardson explains that the Plaintiff is hypervigilant in social settings, causing the Plaintiff to experience panic attacks and severe anxiety.  [Tr. 11-1].  In addition, Dr. Richardson explains that although the Plaintiff is enrolled in college courses, the Plaintiff receives "major academic accommodations," without which the Plaintiff would be unable to participate in school.  [Id.].  Dr. Richardson also explains that the Plaintiff experiences episodes of decompensation when exposed to external stresses, such as an increase in work demands.  [Id.].  As to the letter written by the Plaintiff, the letter recounts the Plaintiff's service related injuries and the medical evidence he believes satisfies the criteria for Medical Listing 12.06.  [Tr. 11-2].

The Commissioner is correct that the Court may not consider the letters as evidence in the Court's substantive review of the ALJ's denial of benefits.  See Foster v. Halter, 279 F.3d 348, 357 (6th Cir. 2001).  However, "[t]he district court can [] remand the case for further administrative proceedings in light of the evidence, if a claimant shows that the evidence is new

and material, and that there was good cause for not presenting it in the prior proceedings."[2]  Id. This is referred to as a "sentence six remand."  Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711 (6th Cir. 1998); see 42 U.S.C. § 405(g).  The proponent of the new evidence bears the burden of proving all three elements.  Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 589 (6th Cir. 2005).

In the instant case, the Plaintiff does not request a sentence six remand and presents no argument or support that would demonstrate that the letters constitute new or material evidence. Nor does the Plaintiff provide good cause for not presenting the letters during the administrative proceedings.  Not only is the Court prevented from reviewing the letters in its substantive review of the Plaintiff's claim, but the Court declines, to the extent that the request is made, to find that the letters constitute new or material evidence.  See McPherson v. Kelsey, 125 F.3d 989, 995-96 (6th Cir. 1997) (holding that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones") (quoting with approval Citizens Awareness Network, Inc. v. United States Nuclear Regulatory Comm'n, 59 F.3d 284, 293–94 (1st Cir. 1995)).  The Court has not found, and the Plaintiff has not shown, that these letters are new or material evidence warranting a sentence six remand.  Notably, the Plaintiff has not demonstrated a "reasonable probability" that had the letters been considered by the ALJ, the outcome in this matter would have been different.  See

---

[2] Evidence is considered new only if it was "not in existence or available to the claimant at the time of the administrative proceeding."  Foster, 279 F.3d at 357 (quoting Sullivan v. Finkelstein, 496 U.S. 617, 626 (1990)). "New evidence must indeed be new; it cannot be cumulative of evidence already in the record." Pickard v. Comm'r of Soc. Sec., 224 F. Supp. 2d 1161, 1171 (W.D. Tenn. 2002) (quoting Elliott v. Apfel, 28 F. App'x 420, 424 (6th Cir. Jan. 22, 2002)).  Evidence is material "only if there is a 'reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.'"  Foster, 279 F.3d at 357 (quoting Sizemore, 865 F.2d at 711).  Finally, good cause is shown "by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ."  Foster, 279 F.3d at 357.

Foster, 279 F.3d at 357. Without such a showing, the Court finds a remand would serve no useful purpose. See Kobetic v. Comm'r of Soc. Sec., 114 F. App'x 171, 173 (6th Cir. Nov. 4, 2004) ("When 'remand would be an idle and useless formality,' courts are not required to 'convert judicial review of agency action into a ping-pong game.'") (quoting NLRB v. Wyman–Gordon Co., 394 U.S. 759, 766 n.6 (1969)).

Accordingly, the Court finds the Plaintiff's allegation in this regard is not well-taken.


## VI.    CONCLUSION

Based upon the foregoing, it is hereby **RECOMMENDED**[3] that the Plaintiff's Motion for Judgment on the Pleadings [**Doc. 10**] be **DENIED**, and the Commissioner's Motion for Summary Judgment [**Doc. 12**] be **GRANTED**.

Respectfully submitted,

Bruce Guyton

United States Magistrate Judge

---

[3] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).